Ward Merdes
P.O. Box 71309
Fairbanks, AK 99707-1309
452-5400 / 452-8879 (f)
Attorney For Larry Gary Kennedy

FILED in the Trial Courts
State of Alaska Fourth District

JAN 1 6 2014

By _____ Deputy

## IN THE DISTRICT COURT FOR THE STATE OF ALASKA

## FOURTH JUDICIAL DISTRICT AT FAIRBANKS

LARRY GARY KENNEDY,

    Plaintiff,

vs.

JASMINE DENISE CAPERS,
GEICO GENERAL INSURANCE
COMPANY and the UNITED
STATES OF AMERICA,

    Defendants.

Case No. 4FA-14- 0l267CI

### CIVIL COMPLAINT

Plaintiff Larry Gary Kennedy (Kennedy) complains against defendants

Jasmine Denise Capers (Capers), Geico General Insurance Company (Geico) and

the United States of America (US) as follows:

### JURISDICTION OF THIS COURT

1.     Kennedy lives in Alaska and submits to this Court's full jurisdiction;

2.     Capers lives in Alaska and submits to this Court's full jurisdiction;

3.     Geico purposefully avails itself of Alaskan commerce and submits to

this Court's full personal and subject matter jurisdiction;

4.     The US submits to this Court's full jurisdiction;

5.     The incident giving rise to this lawsuit took place in Alaska so an

Alaskan Court should decide this case;

6.     This Court has jurisdiction pursuant to AS 09.05.015 and/or AS 22.15.030;

## COMMON FACTS

7.     On 04/24/12 at 1154, the parties are involved in a motor vehicle / motorcycle crash in Fairbanks, Alaska. Capers is westbound on First Ave., crossing Cushman St. while driving a 2006 Kia Optima. Kennedy is northbound on Cushman, crossing First Ave., driving a 2005 Honda 250 cc motorcycle. Capers and Kennedy collide in the Cushman/First Ave. intersection;

8.     At all relevant times, Capers lacks the right-of-way as her intersection control light is red and Kennedy's intersection control light is green;

9.     **Ex. 1** is an authentic and complete copy of the related police report, stating Capers: "was traveling westbound on 1st Ave and ran the red light";

10.     Kennedy suffers a left tibial plateau fracture and multiple other insults requiring orthopedic surgery;

11.     [AS 09.17.010(c)] As a direct and proximate result of the conduct complained of herein, Kennedy suffered "severe permanent physical impairment or severe disfigurement" within the meaning of AS 09.17.010(c);

12.     As a direct and proximate result of the conduct complained of herein, Kennedy's existing conditions were aggravated to his detriment. The burden of proof for such aggravation should be carried by Capers pursuant to *LaMoureaux v. Totem Ocean Trailer Express, Inc.*, 632 P.2d 539 (Alaska 1981) and *Tolan v. ERA Helicopters, Inc.*, 699 P. 2d 1265 (Alaska 1985);

13.　At all relevant times, Capers was insured by USAA with liability coverage of $50K per person, up to $100K per incident;

14.　**Ex. 2** is an authentic and admissible copy of USAA's 10/25/12 letter confirming Caper's auto liability policy limits at the statutory minimum of $50K per person and $100K per incident;

15.　Geico sold applicable Underinsured Motorist Insurance (UIM) to Kennedy via Geico policy # 4169-16-89-70 in the amount of $50K per person, $100K per incident;

16.　**Ex. 3** is an authentic and admissible copy of Geico/Kennedy's UIM auto policy #4169-16-89-70 DEC sheet;

17.　The US (via its agent, TriCare) asserts a medical lien claim against Kennedy exceeding $60K;

18.　**Ex. 4** is an authentic and admissible copy of US/TriCare's 11/26/13 letter asserting a lien against Kennedy;

19.　Kennedy has, to the extent required by law, mitigated damages;

20.　[AS 09.17.080] No person not now named in the caption hereof should be allocated a percentage of fault under AS 09.17.080 or otherwise;

21.　Kennedy was without fault in causing the incident complained of or any of the damages sought by this Complaint;

22.　All conditions incident to Kennedy's right to bring and maintain this action have been satisfied, or waived by the benefitting party(s);

FACTS ALLEGED WITH
PARTICULARITY PURSUANT TO CR 26(a)(1)(B),(D)&(E)

23.     Kennedy was transported from the scene to Fairbanks Mem. Hospital

(FMH) immediately after this 04/24/12 motor vehicle crash;

24.     Kennedy was primarily treated by care providers:

      A.     FMH;
      B.     Daniel Johnson, DO (ortho surgeon); and
      C.     Equinox, PT;

for injuries complained of after this 04/24/12 motor vehicle crash;

## TREATMENT BY FMH

25.     Treatment provided to Larry Gary Kennedy from care provider: FMH

has at all times been *within the standard of care* for injuries complained of after this

04/24/12 motor vehicle crash;

26.     Treatment provided to Larry Gary Kennedy from care provider: FMH

has at all times been *reasonable* for injuries complained of after this 04/24/12 motor

vehicle crash;

27.     Treatment provided to Larry Gary Kennedy from care provider: FMH

has at all times been *necessary* for injuries complained of after this 04/24/12 motor

vehicle crash;

## TREATMENT BY DANIEL JOHNSON, DO

28.     Treatment provided to Larry Gary Kennedy from care provider: Daniel

Johnson, DO has at all times been *within the standard of care* for injuries

complained of after this 04/24/12 motor vehicle crash;

29.     Treatment provided to Larry Gary Kennedy from care provider: Daniel

Johnson, DO has at all times been *reasonable* for injuries complained of after this

04/24/12 motor vehicle crash;

30.   Treatment provided to Larry Gary Kennedy from care provider: Daniel Johnson, DO has at all times been *necessary* for injuries complained of after this 04/24/12 motor vehicle crash;

## TREATMENT BY EQUINOX PHYSICAL THERAPY

31.   Treatment provided to Larry Gary Kennedy from care provider: Equinox, PT has at all times been *within the standard of care* for injuries complained of after this 04/24/12 motor vehicle crash;

32.   Treatment provided to Larry Gary Kennedy from care provider: Equinox, PT has at all times been *reasonable* for injuries complained of after this 04/24/12 motor vehicle crash;

33.   Treatment provided to Larry Gary Kennedy from care provider: Equinox, PT has at all times been *necessary* for injuries complained of after this 04/24/12 motor vehicle crash;

34.   From 04/24/12 date of this incident to the present, Kennedy has not faked or exaggerated injuries or symptoms on any occasion;

35.   Defendant Jasmine Denise Capers' acts or omissions were the sole cause of this crash;

36.   Jasmine Denise Capers is responsible for the crash and should be held accountable for the resulting losses and injuries that are owing and unpaid to Kennedy;

37.   Kennedy suffers related permanent physical impairment;

38.   There is insufficient combined liability and UIM insurance to make Kennedy "whole" as a matter of law;

## CAUSES OF ACTION

39.     [Wrongful] Defendant Jasmine Denise Capers drove *wrongfully*,
damaging Kennedy in an amount to be fairly decided by a judge or jury;

40.     [Negligence] Defendant Jasmine Denise Capers drove *negligently or
with other at-fault conduct*, damaging Kennedy in an amount to be fairly decided by
a judge or jury;

41.     [Negligence *Per Se*] Defendant Jasmine Denise Capers violated laws,
ordinances and rules designed to protect people like Kennedy from the type of
damage suffered herein, amounting to negligence *per se* and there is no excuse;

42.     [Liquidate UIM Claim] Defendant Geico is responsible for UIM payment
to Kennedy in an amount liquidated by this Court, up to applicable UIM policy limits;

43.     [Liquidate TriCare Claims] TriCare's claims should be liquidated in light
of: *Gov't. Employees Ins. Co. v. Andujar*, 773 F.Supp. 282, 286 (D. Kan. 1991) and
*Allen v. U.S.*, 668 F.Supp. 1242, 1257-58 (W.D. Wis. 1987), and all appropriate legal
and equitable defenses;

WHEREFORE, Kennedy prays for judgment as follows:

1.     For *general* damages against each defendant according to proof at trial,
including without limit medical expenses, past and future [to the extent that
the subrogated interest is not held by plaintiff's med pay carrier or insurer],
lost wages, past and future, pain and suffering, past and future, lost
enjoyment of life, past and future;

2.     For *special* damages against each defendant, past and future, according to
proof at trial;

3.     For liquidation and payment of UIM claims against Geico;

4.     For liquidation of US/TriCare subrogation / lien claims; and

5. For costs, interest, attorney fees and such other relief as the Court deems appropriate under Alaska Statutes, the Court rules, and in accordance with the facts alleged above.

DATED this 10th day of January, 2014.

MERDES LAW OFFICE, P.C.
Attorneys for Larry Gary Kennedy

Ward Merdes ABN 8906027